IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KAREN H. JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-393-MHT-DAB |
| ) | |
| JOHN D. BREWER, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff Karen H. Jackson filed her Complaint in this court seeking a declaratory judgment to nullify a jury verdict that was rendered against her and in favor of Defendant in the Covington County Circuit Court on September 21, 2016, in regard to a contract for the sale of real estate ("the Contract"). (Doc. 1 at ¶ 13). On April 10, 2018, this Court entered an Order to Show Cause why this case should not be dismissed for lack of jurisdiction. (Doc. 4). Plaintiff Amended her Complaint (Doc. 7 at ¶ 14), seeking a declaratory judgment that "the contract between John D. Brewer and Karen Jackson (was) *void ab initio*." (Doc. 7 at 21, ¶ A). Plaintiff seeks to invoke the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Id.*, ¶ 1. On May 1, 2018, Defendant filed a Motion to Dismiss. (Doc. 9). On May 8, 2018, Defendant filed a motion for hearing on his Motion to Dismiss. (Doc. 14).

For the reasons stated herein, it is **RECOMMENDED** that the matter be dismissed for lack of jurisdiction and that Defendant's motions be denied as moot.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207(11th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pursuant to § 1332, a district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's allegations regarding the jurisdictional amount are insufficient to meet the jurisdictional amount. In that regard, the Amended Complaint alleges that in the underlying judgment, the court assessed $4,502.83 in attorney's fees and damages in the amount of $5,600.00. (Doc. 7 at ¶ 14). Although Plaintiff alleges before this Court that the Contract made the subject of the underlying litigation was for the sale of real estate in the amount of $78,000.00, she further alleges that the Contract was void and unenforceable due to illegality. (Doc. 7 at ¶¶ 9-10). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective. *See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.,* 120 F.3d 216, 218–20 (11th Cir.1997). In other words, the value of the

requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000). In this case, Plaintiff is seeking a declaratory judgment that the Contract was void and unenforceable, and the benefit which would flow Plaintiff, should she be awarded the declaratory judgment she seeks, would be a reversal of a state court judgment in the amount of $10,102.83. Although Plaintiff further requested "an order awarding monetary relief for injuries suffered by plaintiff to plaintiff's reputation both personally and professionally in excess of $250,000," Plaintiff stated no claim in the Amended Complaint upon which such a judgment could be predicated. Accordingly, the Amended Complaint fails to plead sufficient facts to demonstrate that the amount in controversy has been met.

    Moreover, Plaintiff specifically seeks a judgment from this Court declaring that "the contract between John D. Brewer and Karen Jackson *void ab initio*." (Doc. 7 at 21, ¶ A). Plaintiff alleges that the state court jury verdict was entered on September 21, 2016, (Doc. 7 at ¶ 14), and has previously represented to this Court that a "Petition for a Writ of Certiorari was denied by the Alabama Supreme Court on January 12, 2018." (Doc. 1 at ¶ 11). Plaintiff acknowledges in her Amended Complaint that her state court "appeal has been exhausted." (Doc. 7 at 3, n.2). Plaintiff's Complaint in this Court was filed on April 5, 2018, and amended on April 24, 2018. The overwhelming majority of the facts alleged in the Amended Complaint directly reference the state court record on appeal. (Doc. 7 at ¶¶ 14-30).

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. *See Feldman,* 460 U.S. at 482, 103 S.Ct. at 1315." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). As to her argument that the state court judgment is void *ab initio* due to illegality of the Contract, the Eleventh Circuit has stated that "[o]ther circuits have recognized an exception to the doctrine where the state court judgment is 'void *ab initio* due to the state court's lack of jurisdiction,' *see, e.g., 4901 Corp. v. Town of Cicero,* 220 F.3d 522, 528 (7th Cir.2000); *In re James,* 940 F.2d 46, 52 (3d Cir.1991), but our circuit has never adopted that exception." *Casale*, 558 F.3d at 1261. Plaintiff acknowledges that no authority from the Eleventh Circuit exists for such an exception. (Doc. 17 at 16, n.6). Moreover, allegations that the contract was void have nothing to do with the state courts' *jurisdiction* to adjudicate claims arising from the contract. Having litigated her legal positions in the state courts, Plaintiff is simply dissatisfied with the outcome and seeks to reverse it in this Court. That is precisely what is barred by *Rooker-Feldman.*

Based on the foregoing reasons, it is respectfully recommended that the Amended Complaint be **DISMISSED** for lack of subject-matter jurisdiction, and that Defendant's Motion to Dismiss (Doc. 9) be and motion for a hearing (Doc. 14) be **DENIED** as **MOOT**.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before June 27, 2018. Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.,* 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended,** this 12th day of June, 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE